UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| GUADALUPE AND ALICIA RODRIGUEZ | § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| THE BURLINGTON INSURANCE COMPANY AND ABERCROMBIE, SIMMONS & GILLETTE, INC. | § § § § | |

# **NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **THE BURLINGTON INSURANCE COMPANY** ("**Burlington**"), Defendant, and files its Notice of Removal from the 93rd Judicial District Court of Hidalgo County, Texas, to the United States District Court, Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§1441 and 1446, respectfully showing as follows:

### I.

This action is properly removable under 28 U.S.C. §1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332(a).

### II.

On March 27, 2014, Plaintiffs' Original Petition, styled "Pedro Gutierrez and Guadalupe and Alicia Rodriguez v. The Burlington Insurance Company and Abercrombie, Simmons & Gillette, Inc.," was filed in the 93rd Judicial District Court of Hidalgo County,

Texas, Cause No. C-2717-14-B. On August 27, 2015, Plaintiff Pedro Guitierrez's claims were dismissed and severed into Cause No. C-2717-14-B-(1).

### III.

Plaintiffs never caused process to be served in Cause No. C-2717-14-B, thereby extending the deadline for removal pursuant to 28 U.S.C.§ 1446(c)(1). On December 21, 2015 Burlington voluntarily entered an appearance by filing an Original Answer. This removal is within thirty (30) days of such appearance.

### IV.

**A. DIVERSITY EXISTS**

1) Plaintiffs are residents of the State of Texas;

2) Defendant Burlington is a corporation and a citizen of the State of North Carolina; it is incorporated in the State of North Carolina and has its principal office in the State of North Carolina.

3) Defendant Abercrombie, Simmons & Gillette, Inc. ("ASG") is improperly/fraudulently joined and therefore its citizenship should not be considered. Specifically, Plaintiffs base their claims against ASG on the false premises/allegations that ASG inspected, estimated and/or adjusted the insurance loss. ASG did not participate in any capacity in this claim. Therefore, Plaintiffs have no possibility of recovering against ASG.

**B.** **THE AMOUNT IN CONTROVERSY MEETS THE JURISDICTIONAL REQUISITE**

To establish the amount in controversy exceeds $75,000.00, either: 1) It must be "facially apparent"; or 2) proven by the preponderance of the evidence. *Cross v. Bell Helmets*, 927 F. Supp. 209, 213 (E.D. Tex. 1996). The litigation arises from an insurance policy claim for alleged windstorm/hailstorm damage to a commercial building owned by Plaintiffs. Plaintiffs made demand on Burlington for $687,777.97. See Attachment.

**V.**

Notice of Removal to Federal Court is being provided to Plaintiffs and being filed with the clerk of the 93rd Judicial District Court of Hidalgo County, Texas.

**VI.**

True copies of all documents required by Local Rule 81 are being filed with this Notice of Removal.

**WHEREFORE**, Defendant Burlington provides Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

By: _____
**TOM LOCKHART**
tlockhart@adamsgraham.com
State Bar No. 12473500
Fed. I.D. No. 2257
**BARRY RAY**
bray@adamsgraham.com
State Bar No. 16606355
Fed. I.D. No. 15705
**ADAMS & GRAHAM, L.L.P.**
134 E. Van Buren, Suite 301 - 78550
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone:   (956) 428-7495
Facsimile:   (956) 428-2954

Attorneys for *Defendant* BURLINGTON INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 21st day of December, 2015, to the following counsel of record:

Aloysius Peter Thaddeus, Jr.                                    *Via Email*
Vicente Gonzalez
**V. GONZALEZ & ASSOCIATES, P.C.**
121 N. 10th St.
McAllen, Texas 78501
*Attorneys for Plaintiffs*

_____
**TOM LOCKHART**

Civil Action No. _____
Guadalupe and Alicia Rodriguez v. Burlington
Insurance Company and Abercrombie, Simmons & Gillette, Inc.

# ATTACHMENT

to

# DEFENDANT'S NOTICE OF REMOVAL



# The Law Offices of
## V. Gonzalez & Associates, P.C.

| | | |
|---|---|---|
| PAPE MALICK DJIBA<br>Attorney At Law<br>mdjiba@vgonzalezlaw.com | McAllen Office<br>121 N. 10th Street<br>McAllen, Texas 78501<br>(956) 630-3266 Office<br>(956) 630-0383 Fax | San Antonio Office<br>4423 NW Loop 410<br>San Antonio, Texas 78229<br>(210) 320-7650 Office<br>(956) 630-0383 Fax |

March 27, 2014

*__Via Certified mail__*
The Burlington Insurance Company
238 International Road
Burlington, NC 27215

Our Client:          Guadalupe & Alicia Rodriguez
Policy No:           019B024830
Property:            218 Garfield Avenue, San Juan, Texas 78589
Date of loss:        March 29, 2012

## DEMAND FOR RELIEF UNDER THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT AND THE TEXAS INSURANCE CODE.

Dear To Whom It Concern:

This firm has been retained by Guadalupe & Alicia Rodriguez to represent them in the handling and prosecution of their claims against The Burlington Insurance Company under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) and under the Texas Insurance Code, section 541.

Guadalupe & Alicia Rodriguez are "consumers" within the definition as set forth in the DTPA because they purchased a policy of insurance from The Burlington Insurance Company. It was represented to my clients that this policy of insurance was in full force and effect for the policy period, and that any and all claims made by the insured would be handled in a manner consistent with the guidelines set forth in the Texas Insurance Code. In addition, my clients are also "persons" under the Texas Insurance Code with standing to bring claims under the Texas Insurance Code.

As you know, the insured has made a claim under the policy of insurance sold to them by The Burlington Insurance Company. Your company has conducted an inadequate examination of the damage from the March 29, 2012 hailstorm and the claims made by your insured. To date, the handling of the claims for windstorm/hailstorm and water damage, have resulted in significant problems for my clients.

### DTPA
The DTPA violations of The Burlington Insurance Company include but not limited to:

1. Causing confusion or misunderstanding as to the course, sponsorship, approval, or certification of goods or services;

2. Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

3. Failure to disclose information concerning goods or services which was known at the time of transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

4. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

5. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers' liability has become reasonably clear;

6. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurers' liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage, provided that this prohibition does not apply if payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

7. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

8. Failing with a reasonable time to affirm or deny coverage of a claim to a policyholder and/or submit a reservation of rights to a policyholder;

9. Refusing, failing, or unreasonably delaying an offer of settlement under applicable first party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

10. Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim;

11. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

12. Making an untrue statement of material fact;

13. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

14. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

15. Making a material misstatement of law, or

16. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

The Burlington Insurance Company actions are in violation of the DTPA and constitute producing causes of damage to my clients.

Because of the nature of the claims and the circumstances surrounding the losses in question, The Burlington Insurance Company decision to deny the claims or to delay payment on the claims even though it is reasonably clear the claims are covered constitutes "knowing" violations of the DTPA and the Texas Insurance Code sufficient to allow the imposition of treble damages. Moreover, The Burlington Insurance Company "knowing" violations of the Texas Insurance Code and the DTPA have caused and continue to cause significant mental anguish to my clients.

Furthermore, because of The Burlington Insurance Company violations of the DTPA and the Texas Insurance Code, our clients are entitled to recover attorney's fees.

**Texas Insurance Code Violations***

The Burlington Insurance Company and its representatives have violated the Texas Insurance Code in the following manner including, but are not limited to:

1. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

2. Making an untrue statement of material fact;

3. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

4. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

5. Making a material misstatement of law, or

6. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

***Breach of Duty of Good Faith and Fair Dealing: Bad Faith ***
In addition, The Burlington Insurance Company violated the duty of good faith and fair dealing by refusing to pay the claims in question even though you and your company knew or should have known that it was reasonably clear the claims were covered. The Burlington Insurance Company's breach of its duty of good faith and fair dealing has proximately caused injury and damage to my clients.

***Breach of Contract ***
Moreover, by failing to pay benefits under the policy of insurance, The Burlington Insurance Company breached the contract of insurance that existed between your company and our clients. As a result, our client are entitled to recover actual damages, consequential damages and attorney's fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code because of your breach of contract.

As a result, please allow this correspondence to constitute notice under the Texas Deceptive Trade Practices Act and under the Texas Insurance Code of the claim, against you and your representatives. Please allow this correspondence to serve as notice pursuant to Chapter 38.001 of the Texas Civil Practice & Remedies Code.

The damages suffered by our clients to date include:

Economic Damages
**$404,575.28**

18% Interest
**$145,647.10**

Attorney's Fees
**$137,555.59**

Because of the nature of the claims and the circumstances surrounding the losses in question, The Burlington Insurance Company actions could constitute "knowing" violations of the DTPA and the Texas Insurance Code sufficient to allow the imposition of treble damages up to 3 times economic damages. **Please let this letter serve as my client's demand for $687,777.97.**

Respectfully,

ALOYSIUS PETER THADDEUS, JR

Attach.
APT:dc